CARLOS IGARTÚA ECHEVARRÍA, demandante y apelante, *v.* ANTONIO RUIZ YANIS, demandado y apelado.

Número 11499.

*Sometido:* 2 de marzo de 1955. *Resuelto:* 26 de junio de 1956.

*Juan B. Soto,* abogado del apelante; *Héctor Reichard,* abogado del apelado.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

Por escritura pública núm. 301 de 16 de septiembre de 1943 ante el notario de Aguadilla don Héctor Reichard, doña Susana Duprey Gayá arrendó a don Antonio Ruiz Yanis, ciertas fincas rústicas, especificándose entre otros pactos los siguientes: "el término de este arrendamiento será de diez años, con una opción de prórroga por diez años más, empezando dicho contrato de arrendamiento el primero de julio de mil novecientos cuarenta y cuatro y vencerá el treinta de junio de mil novecientos cincuenta y cuatro, con la opción de prórroga antes aludida por diez años más a partir del primero de julio de mil novecientos cincuenta y cuatro, venciendo dicha prórroga el treinta de junio de mil novecientos sesenta y cuatro"; "no obstante lo estatuído en relación con el contrato de arrendamiento y su prórroga, si para la época en que finalice tal prórroga el arrendatario tuviere cañas de azúcar pendiente de corte plantadas en los terrenos arrendádole, continuará el arrendamiento sólo por el tiempo necesario para recolectar dichas cañas y únicamente en cuanto al terreno ocupado, sirviendo de base para regular el precio del arriendo por la prórroga el mismo canon que se estipuló como causa del contrato": "es convenido expresamente que de este arrendamiento se tomará razón en los libros del Registro de la Propiedad de Aguadilla". Dicho contrato fué inscrito en el Registro de la Propiedad de Aguadilla. Cuando murió la arrendadora, heredó un condominio de dos terceras partes, su hijo don Luis Pretel Duprey y éste le vendió posteriormente dicho condominio a don Carlos Igartúa Echevarría, aquí demandante. Todas estas transmisiones de título fueron anteriores al vencimiento del término original del contrato de arrendamiento, que según hemos visto, vencía el 30 de junio de 1954.

El día 8 de marzo de 1954, o sea, antes de vencerse el término original del arrendamiento, el arrendatario, aquí demandado, señor Antonio Ruiz Yanis, le notificó al adqui-

rente de las propiedades arrendadas, aquí demandante, haber decidido hacer uso de la opción de prórroga, estipulada en el contrato de arrendamiento, y el demandante contestó que no accedía a la concesión de la prórroga, requiriéndole a que desocupara las fincas arrendadas. El arrendatario no desocupó las fincas y entonces el adquirente inició ante el Tribunal Superior de Puerto Rico, la presente acción de desahucio.

En la vista ante la ilustrada Sala sentenciadora el demandante, por voz de su abogado, al exponer la teoría de su caso, alegó en síntesis, que una opción de prórroga en un contrato de arrendamiento, no perjudica a terceros porque se trata de un derecho personal y no real, y no puede ejercitarse contra el adquirente posterior de la propiedad arrendada; que en este aspecto la opción de prórroga era lo mismo que una promesa de venta, una promesa de volver a arrendar si la otra parte lo quiere; que al igual que la promesa de venta, la opción de prórroga no era inscribible, por tratarse de un derecho personal y no real, y que si se ha inscrito, como en este caso, tal inscripción no produce ningún efecto contra terceros, como el adquirente, aquí demandante; que la opción de prórroga no se aceptó por el arrendatario cuando se otorgó el contrato original, sino que se aceptó por el arrendatario, cuando ya un tercero había adquirido. (T. de E. 12–13.) El caso fué sometido a base de las cuestiones de derecho.

La ilustrada Sala sentenciadora no estuvo conforme con las proposiciones de derecho, adelantadas por la teoría del demandante, y denegó el desahucio solicitado, por los siguientes fundamentos: (1) un contrato de arrendamiento inscrito es un derecho real que perjudica a terceros; (2) la prórroga de un arrendamiento, a opción del arrendatario, no es contraria a las leyes, ni a la moral, ni al orden público, forma parte de la causa del contrato y no se puede separar del contrato de arrendamiento; (3) los adquirentes posteriores al igual que los arrendadores tienen que respetar los

derechos del arrendatario, mientras no transcurra el plazo de duración de la prórroga del arrendamiento.

En apelación ante nos, el apelante reproduce la misma teoría que planteó ante la ilustrada Sala sentenciadora, o sea, (1) que una opción de prórroga en un contrato de arrendamiento, es un derecho personal, y no prevalece contra un adquirente posterior de la propiedad arrendada; (2) que una opción de prórroga en un contrato de arrendamiento, es lo mismo que una promesa de venta, un derecho personal, y por tanto, no es inscribible; (3) que la opción de prórroga no se aceptó al formalizarse el contrato con el arrendador original, sino posteriormente, cuando ya un tercero había adquirido, y por tanto, no obliga al adquirente posterior de la propiedad.

La Ley aplicable al caso es el art. 1439 del Código Civil de Puerto Rico,—31 L.P.R.A. 328, sec. 4034—que dispone: "con relación a terceros, no surtirán efecto los arrendamientos de bienes raíces que no se hallen debidamente inscritos en el Registro de la Propiedad"; el art. 1461 del mismo Código—31 L.P.R.A. 348, sec. 4068—que dispone: "el comprador de una finca arrendada tiene derecho a que termine el arriendo vigente al verificarse la venta, salvo pacto en contrario y lo dispuesto en la Ley Hipotecaria; si el comprador usare de este derecho, el arrendatario podrá exigir que se le deje recoger los frutos de la cosecha que corresponda al año agrícola corriente y que el vendedor le indemnice los daños y perjuicios que se le causen"; el art. 2 de la Ley Hipotecaria—30 L.P.R.A. 653–654, sec. 2—que dispone: "en los Registros expresados en el artículo anterior se inscribirán: .... (5) los contratos de arrendamiento de bienes inmuebles por un período que exceda de seis años, o los en que se hayan anticipado las rentas de tres o más años, o cuando, sin tener ninguna de estas condiciones, hubiere convenio expreso de las partes para que se inscriban"; el art. 30 del Reglamento General para la Ejecución de la Ley Hipotecaria de las Provincias de Ultramar—30 L.P.R.A. 18,

sec. 860—que dispone: "lo dispuesto en el párrafo quinto del artículo 2 de la Ley respecto a la inscripción de los contratos de arrendamiento será también aplicable a los de subarriendo, subrogaciones, cesiones y retrocesiones de arrendamiento, siempre que tengan las circunstancias expresadas en dicho párrafo; pero debiendo hacerse en tales casos, no una inscripción nueva, sino un asiento de nota marginal a la inscripción que ya estuviese hecha del arrendamiento primitivo".

En cuanto al primer punto relacionado con la proposición, que una opción de prórroga en un contrato de arrendamiento, es un derecho personal y no un derecho real que perjudica a tercero, el apelante no tiene razón. Es cierto que en el pasado se discutió bastante sobre la naturaleza personal o real del contrato de arrendamiento. Pero después se distinguió entre contratos de arrendamientos inscritos y no inscritos, concediéndosele a los primeros, "determinados efectos reales (protección efectiva del arrendatario frente al nuevo adquirente, retracto arrendaticio a virtud de la inscripción, etc.")– IV–II– Puig Peña, Tratado de Derecho Civil Español 194, (ed. de la Editorial Revista de Derecho Privado de 1951); 4 Castán, Derecho Civil Español Común y Foral 242–244 (Séptima ed. del Instituto Editorial Reus de 1952); 3 Roca Sastre, Derecho Hipotecario 49 (ed. de la Casa Editorial Bosch de 1948). Casualmente en casos de arrendamientos inscritos los efectos reales se dan contra los adquirentes posteriores de la propiedad arrendada. Esto, desde luego, en adición a la disposición terminante del art. 1439 de nuestro Código Civil, que establece, que sólo los arrendamientos no inscritos son los que no surten efectos contra terceros.

En cuanto al segundo punto relacionado con la proposición que una opción de prórroga, en un contrato de arrendamiento es lo mismo que una promesa de venta, y por tanto, un derecho personal, no inscribible, el apelante no tiene razón. Es indudable que en este contrato la palabra

opción se usó en sentido gramatical, como un término ordinario de la práctica notarial, empleado para designar la libertad o facultad de elegir. Asumiendo, aunque sin resolverlo, que el término "opción" se utilizara como un precontrato o contrato preparatorio, es indudable que no podemos equiparar los efectos jurídicos de una opción cuya característica formal es la unilateralidad, con los de una promesa de venta, cuya característica formal es la bilateralidad: Sentencia del Tribunal Supremo de España de 23 de marzo de 1945—Véase además nota de Antonio Hernández Gil sobre esta Sentencia, 180 Revista General de Legislación y Jurisprudencia 622 *et. seq.* (ed. del Instituto Editorial Reus de 1946); Sentencia del Tribunal Supremo de España de 18 de enero de 1947. En cuanto a una opción de prórroga, contenida en un contrato de arrendamiento, como la prórroga forma parte del contrato, la misma resulta inscribible de acuerdo con el art. 2, inciso 5 de la Ley Hipotecaria de Puerto Rico.

En cuanto al tercer punto relacionado con la proposición, que la opción de prórroga no se aceptó al formalizarse el contrato con el arrendador original, sino posteriormente, cuando ya un tercero había adquirido, y por tanto, no obliga al adquirente posterior de la propiedad, no tiene razón el apelante. Ya hemos visto que el contrato de opción es un contrato unilateral, que puede ejercitarse por la sola voluntad del optante. No hay duda, asimismo, que una prórroga en un contrato de arrendamiento inscrito reviste los caracteres de un derecho real: Sentencia del Tribunal Supremo de España de 19 de mayo de 1952.

El otro error señalado, referente a la imposición de costas y honorarios de abogado, carece de importancia.

*Debe confirmarse la sentencia apelada.*